```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

MARY C. ELLIS,                      :

    Plaintiff,                  :

vs.                                 :   CIVIL ACTION 05-0117-P-M

STATE OF ALABAMA, et al.,           :

    Defendants.                 :


### REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. §§ 1983 and 1985(2). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).[1] It is recommended this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

I. Complaint (Doc. 1).

    Plaintiff filed a complaint that is mostly unintelligible. Nonetheless, the Court will attempt to discern her claims and the identities of Defendants because

---

[1]Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters, such as Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2), to the Magistrate Judges for hearing and determination.

her complaint appears to be an appeal from a state court proceeding over which a federal district court generally does not have subject matter jurisdiction.  It appears Plaintiff is suing the State of Alabama, the Alabama Supreme Court, and the Alabama State Bar.

Plaintiff's claims arise from the probate in state court of the estate of her mother, Mary Lois Hall.  The following is a description of those proceedings in state court based on Plaintiff's allegations and the two state court orders attached to the complaint.  However, some of Plaintiff's allegations are not clear or their relevance to a cogent claim is not apparent, but nonetheless the Court's interpretation of the allegations is included.

In an appeal in state court, Plaintiff claimed a "fraudulent conveyance" had occurred in the probate court by Defendant Bar and, therefore, she sought a declaratory judgment.  Then, on March 11, 2003, Defendant Bar filed with Defendant Alabama Supreme Court a motion for recusal due to Plaintiff's appeal.  Plaintiff alleges Defendant Bar's motion was an obstruction of justice.  The motion was heard on April 1, 2003, by Defendant State.  On April 2, 2003, Defendant Alabama Supreme Court appointed a Circuit Court Judge from the 28th Judicial Circuit to hear the case because the judges from

the 21st Judicial Circuit were recused, which Plaintiff contends is an overt act of a conspiracy.

On May 13, 2003, Defendant Alabama Supreme Court entered a Notice of Appointment pursuant to the previously filed request and ordered a copy of the notice be sent immediately to the parties.  The notice was docketed on May 20, 2003, but Plaintiff did not received her copy until June 28, 2003.

On August 12, 2003, in the record on appeal, an entry reflects that the March 11, 2003, a motion was heard on April 1, 2003, "[which] was the next day after the expiration of the six (6) month statue [sic] of limitations for contesting probate of the 'will' (02/11/03)."  On August 18, 2004, Defendant State filed a motion with Defendant Alabama Supreme Court for an Order for Final Judgment of Dismissal, which was the basis for Plaintiff's appeal in state court.

On January 8, 2004, Plaintiff filed a motion with Defendant Alabama Supreme Court for relief pursuant to the Alabama Rules of Civil Procedure for the purpose of protecting her mother's estate.  Defendant Alabama Supreme Court denied her request for an injunction stating the request did not apply to the case before them.  Plaintiff contends this ruling has resulted in the destruction of the estate's personal property, which Plaintiff claims is hers.

Then, on January 16, 2004, Plaintiff, proceeding *pro se*, appealed Defendant Alabama Supreme Court's deprivation of due process and equal protection of the law, and abuse of power. Plaintiff contends because jurisdiction was in Defendant Alabama Supreme Court for *de novo* review, Defendant State further denied her due process and conspired to obstruct justice when it breached its duty by transferring jurisdiction to the Alabama Court of Civil Appeals in its Order of March 19, 2004.

Plaintiff claims there has been an obstruction of justice and that she has been denied her due process and equal protection rights, which has resulted in the destruction of the estate's personal property and has caused her to suffer emotional stress and mental anguish.  For relief, Plaintiff requests punitive damages, costs, attorneys fees, and a declaratory judgment finding that violations of 42 U.S.C. §§ 1983 and 1985(2) have  occurred.

II.  Discussion.

   A.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing Plaintiff's complaint under 28 U.S.C. §

1915(e)(2)(B).[2]  *Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

---

[2]The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered.  *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

    B.  <u>Analysis</u>.

        1.  <u>Lack of Subject Matter Jursidiction Under Rooker-           Feldman</u>.

A federal district court lacks subject matter jurisdiction to review claims that were previously ruled upon by a state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983); *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997); *Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988); *Hollins v. Wessel*, 819 F.2d 1073, 1074 (11th Cir. 1987). This rule of law is known as the *Rooker-Feldman* doctrine. *Feldman*,

460 U.S. at 482, 103 S.Ct. at 1315; *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed.2d 362 (1923).

> According to the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983). . . . The doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are "inextricably intertwined" with the state court's judgment. *Feldman*, 460 at 482 n.16, 103 S.Ct. at 1315 n.16. This Court has recognized an "important limitation" on the *Rooker-Feldman* doctrine when the plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings." *Wood v. Orange County*, 715 F.2d 1543, 1547 (11th Cir. 1983), *cert. denied*, 467 U.S. 1210, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984). In that situation, we consider that the federal claim was not "inextricably intertwined" with the state court's judgment. *Id.*
>
> . . . .
>
> Even if the federal court collateral attack on the state court judgment is premised on the unconstitutionality of a federal statute, the *Rooker-Feldman* doctrine still applies. It still applies for reasons that go to the heart of our system of federalism—the dual dignity of state and federal court decisions interpreting federal law. "In our federal

>           system, a state trial court's
>           interpretation of federal law is no less
>           authoritative than that of the federal
>           court of appeals in whose circuit the trial
>           court is located." *Lockhart v. Fretwell*,
>           506 U.S. 364, 376, 113 S.Ct. 838, 846, 122
>           L.Ed.2d 180 (1993) (Thomas, J. concurring).
>           Moreover, the doctrine is not limited to
>           states appellate court judgments.  A
>           litigant may not escape application of the
>           doctrine by merely electing not to appeal
>           an adverse state trial court judgment.

*Powell v. Powell*, 80 F.3d 464, 466-67 (11th Cir. 1996).

In *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988), the plaintiff filed a § 1983 action in federal district court against the state trial court judge who ruled against him and, at the same time, filed an appeal with the state appeals court.  The Eleventh Circuit Court of Appeals affirmed the federal district court's dismissal of the § 1983 action on the grounds that it lacked jurisdiction to hear a challenge to a state court decision and that the state trial court judge was entitled to absolute judicial immunity.  *Id.* at 164-65.  In ruling on the plaintiff's issues on appeal, the Eleventh Circuit held that "[a] section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court."  *Id.*  The Eleventh Circuit ruled that an appeal to the state appeals court was the proper means by which to gain relief.  *Id.*

In the present action, Plaintiff seeks, *inter alia,* punitive damages and a declaration that her rights have been violated. The Court presumes plaintiff seeks the requested relief on account of the "fraudulent conveyance" of property from her mother's estate by the probate court. It appears Plaintiff has been involved in the probate of her mother's estate and has  litigated the "fraudulent conveyance" in state court by bringing numerous appeals and proceedings. This Court, therefore, cannot review the state court judgments in this matter because it lacks subject matter jurisdiction. *Feldman*, 460 U.S. at 482, 103 S.Ct. at 1315. Accordingly, this present action is frivolous as a matter of law.

    2.   <u>Alternate Bases for Dismissal</u>.

        a.   <u>State of Alabama</u>.

In the event this Court is found to have subject jurisdiction, other grounds exist for dismissal of the action.  An alternate basis for dismissing the State of Alabama from this action is sovereign immunity. The Eleventh Amendment's sovereign immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 781, 98 S.Ct. 3057, 3057, 57 L.Ed.2d 1114 (1978) (ruling the Eleventh Amendment barred an action against the State); *see Will v. Michigan Dept. of State*

*Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2310, 105 L.Ed.2d 45 (1989).  The two exceptions to sovereign immunity are if the State has waived its immunity or Congress has abrogated the State's immunity.  *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1524 (11th Cir. 1990).  Alabama though has not waived its Eleventh Amendment immunity.  *Pugh*, 438 U.S. at 782, 98 S.Ct. at 3057-58 (finding Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its consent and therefore the State of Alabama was entitled to Eleventh Amendment immunity); *Lancaster v. Monroe County, Ala.,* 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its Eleventh Amendment immunity).  Nor has Congress in § 1983 abrogated a State's Eleventh Amendment immunity.  *Carr,* 916 F.2d at 1525 (citing *Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 1147, 59 L.Ed.2d 358 (1979)); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. June 26, 1981); *see also Gay v. Shannon,* 2005 WL 756731 at *4 (E.D. Pa. Mar. 1, 2005) (unpublished) (holding a State is entitled to Eleventh Amendment immunity from an action seeking damages and a declaratory judgment for a violation of § 1985(2)).  Thus, because Defendant State of Alabama is entitled to sovereign immunity, it would be due to be dismissed on this alternate

basis.

      b. <u>Alabama Supreme Court</u>.

 Another Defendant is the Alabama Supreme Court. This Defendant, however, is not a "person" for the purpose of § 1983 action. *Clark v. Clark,* 984 F.2d 272, 273 (8th Cir.) ("Courts are not persons within the meaning of 42 U.S.C. § 1983, and if they were, the action would be barred by the Eleventh Amendment, anyway."), *cert. denied,* 510 U.S. 828, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993); *see McFarland v. Folsom,* 854 F.Supp. 862, 874 n.9 (M.D. Ala. 1994) (holding the Alabama Supreme Court is not a "person" within the meaning of § 1983). Because only a "person" can be held liable under § 1983, Defendant Alabama Supreme Court would be due to be dismissed.[3]

---

 [3]Section 1983 provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usuage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress

In addition, Plaintiff alleges her claims arise under § 1985(2). She, however, does not identify under which part of subsection 2 her claims arise. The first part of the subsection only addresses conspiracies involving federal proceedings and is, therefore, inapplicable to this action. *Kush v. Rutledge,* 460 U.S. 719, 725, 103 S.Ct. 1483, 1487, 75 L.Ed.2d 413 (1983). The second part of the subsection "applies to conspiracies to obstruct the course of justice in state courts" where conspirators have the intent to cause a deprivation of equal protection of the laws. *Id.* This part of the subsection is more suited to Plaintiff's allegations. However, Plaintiff's allegations fall short of stating a claim under this part of the subsection.[4]

---

    applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.(Emphasis added.)

[4]Subsections 2 and 3, of section 1985, provide, in part:

    If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or

The second part of § 1985(2) "requires an allegation of class-based animus." *Chavis v. Clayton County Sch. Bd.,* 300 F.3d 1288, 1292 (11th Cir. 2002). That is, there must be allegations of racial or class-based discriminatory intent by the conspirators. *Id.* And the allegations of a conspiracy must be more than conclusory. *See Willing v. Lake Orion Community Schs. Bd. of Trustees,* 924 F.Supp. 815, 819 (E.D.

---

to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two more persons conspire for the purpose of impeding, hindering obstructing or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws . . . .
in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation against any one or more of the conspirators.

Mich. 1996); *see also Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (conclusory allegations of conspiracy are insufficient in civil rights action).

In the present action, Plaintiff's allegations of a conspiracy are conclusory and there are no allegations of racial or class-based animus.  Thus, Plaintiff has failed to state a claim under § 1985(2).  Accordingly, Defendant Alabama Supreme Court is due to dismissed from this action.

### c. Alabama State Bar.

The remaining Defendant is the Alabama State Bar. Similarly, Defendant Alabama State Bar is not a "person" within the meaning of § 1983 that may be sued.  *McFarland,* 854 F.Supp. at 874 n.9.  And, for the reasons noted above, a claim under § 1985(2) has not been stated against Defendant Alabama State Bar.  Consequently, Defendant Alabama State Bar would be subject to dismissal on this other basis.

## III. Conclusion.

Based upon the foregoing reasons, it is recommended this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.  If Plaintiff elects to file an objection to this Report and Recommendation, she should draft an objection that is able to be understood and that clarifies the complaint's allegations both grammatically and factually.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 10th day of June, 2005.

                                              s/BERT W. MILLING, JR.
                                              UNITED STATES MAGISTRATE JUDGE